1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

                     Plaintiff,

        v.

MICHAEL FURSI, *et al*,

                     Defendants.

Case No.  C07-5538RJB-KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT
OF COUNSEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.
The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #16).
Plaintiff has been granted *in forma pauperis* status in this case.  After reviewing the motion and the
balance of the record, the Court finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the
court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma
pauperis*, it may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331
(9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d
1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the
likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the

1   complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

2          In his motion, plaintiff states that he cannot afford an attorney, that he is without the necessary

3   tools to prosecute his case, and that his access to legal resources is limited.  Defendants argue plaintiff is

4   not entitled to appointment of counsel because he has not shown an inability to articulate his claims *pro*

5   *se* and has not demonstrated a likelihood of success on the merits.  Plaintiff counters that the Court should

6   not consider defendants' response because it was filed late.  It does appear that defendants' response was

7   filed one day late.  However, the Court itself finds plaintiff has not satisfied the above-noted standards for

8   appointed of counsel at government expense.

9          First, it appears clear that plaintiff can articulate his claims *pro se*.  As pointed out by defendants,

10  plaintiff has filed several motions in this case, and the Court discerns no impairment in his capability to

11  prosecute his lawsuit.  In addition, plaintiff has not shown a likelihood of success on the merits, nor do

12  the legal issues involved in this case appear to be necessarily complex.  Accordingly, plaintiff's motion

13  for appointment of counsel (Dkt. #16) hereby is DENIED.

14         The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

15         DATED this 10th day of January, 2008.

16

17

18

19         Karen L. Strombom
           United States Magistrate Judge
20

21

22

23

24

25

26

27

28

ORDER
Page - 2