UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

                Plaintiff,

      v.

MICHAEL FURST, *et al*,

                Defendants.

Case No.  C07-5538RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR A DEPOSITION COUNSEL APPOINTMENT

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion for a deposition counsel appointment (Dkt. #42).  After reviewing plaintiff's motion and the balance of the record, the Court finds and orders as follows:

      On January 28, 2008, plaintiff filed a motion for a deposition counsel appointment, stating as the

ORDER
Page - 1

1  reason for his request that he had just received notice from the attorney for defendant Michael Fursi that
2  he will be deposed. As support for this request, plaintiff states he does not have access to any law books
3  or materials that would let him prepare for possible privileged questions or questions involving his right
4  not to be self-incriminated or his mental health. Plaintiff further requests that the deposition be "put off"
5  until after it considers his request for appointment of counsel here.

6  The Court notes at the outset that plaintiff's prior request for the appointment of counsel in this
7  matter (Dkt. #16) already has been denied (Dkt. #33). As the Court pointed out in its order denying that
8  request, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Further,
9  while the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in*
10 *forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328,
11 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616
12 F.2d 1089 (9th Cir. 1980).

13 A finding of exceptional circumstances requires an evaluation of both the likelihood of success on
14 the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal
15 issues involved. Wilborn, 789 F.2d at 1331. As with his prior request for appointment of counsel, the
16 Court once more fails to find any exceptional circumstances here that would point in favor of appointing
17 counsel. The reasons plaintiff sets forth for requesting appointment of counsel yet a third time[1], i.e.,
18 issues concerning possible questions he may face in his deposition, simply are not exceptionally different
19 from those generally faced by other prisoners as well. As such, plaintiff has failed to carry his burden of
20 establishing entitlement to appointment of counsel here.

21 Accordingly, for all of the foregoing reasons, plaintiff's motion for a deposition counsel
22 appointment (Dkt. #42) hereby is DENIED. In addition, in light of the fact that plaintiff now has been
23 denied requests for appointment of counsel three times, any further such motions deemed in the future to
24 have been made without a good faith effort to meet the above requirements for establishing entitlement to
25 appointed counsel, **will be treated as frivolous and may be subject to possible sanctions, including**
26 **monetary sanctions**.

---

28 [1] As noted in the undersigned's report and recommendation denying the multiple motions for temporary restraining orders, dated the same date herewith, in his second motion for a temporary restraining order (Dkt. #32), filed on January 7, 2008, plaintiff makes his second request for appointment of counsel, which the undersigned, for the same reasons, also recommended the Court deny.

ORDER
Page - 2

1  The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

2  DATED this 11th day of February, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3