1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

                    Plaintiff,

          v.

MICHAEL FURST, *et al*,

                    Defendants.

Case No.  C07-5538RJB-KLS

REPORT AND
RECOMMENDATION

Noted for March 21, 2008

          This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§

636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter

comes before the court on plaintiff's filing of a third motion for temporary restraining order. (Dkt. #43).

Having reviewed plaintiff's motion and the remaining record, the undersigned submits the following

Report and Recommendation for the Honorable Robert J. Bryan's review.

                                        DISCUSSION

          As set forth in the undersigned's prior report and recommendation, dated February 11, 2008, on

December 28, 2007, plaintiff filed his first motion for a temporary restraining order (Dkt. #28), in which

he requested that the Court order the Washington State Department of Corrections ("DOC"), the Stafford

1   Creek Corrections Center ("SCCC"), the Clallam Bay Corrections Center ("CBCC"), and the Washington
2   Corrections Center ("WCC"), and all of their employees and agents, to return legal property he claims
3   was confiscated from him.  He argued that without this property, he would be unable to prosecute this
4   lawsuit.  Plaintiff also requested that the Court prohibit the DOC from transferring him back to the
5   CBCC, or, if he already had been transferred there, to transfer him to the SCCC or to the WCC, and, it
6   seemed, to stay any further transfers during the pendency of this matter.

7          In his second motion for a temporary restraining order filed on January 7, 2008, plaintiff requested
8   that the Court order the DOC and its employees and agents, and the CBCC and several of its employees to
9   return his legal property he claimed was confiscated after he arrived at the CBCC on January 2, 2008.
10  (Dkt. #32).  He further requested that the Court order that he be allowed direct physical access to the
11  CBCC law library for approximately ten hours a week, and to "the mini law library for those inmates
12  within the step-down program." (Id. at p. 2).  Plaintiff further requested appointment of counsel, because
13  of the issues he alleged he had regarding access to legal resources and materials.

14         On January 8, 2008, plaintiff filed an amended motion for a temporary restraining order and other
15  requested relief.  In this motion, plaintiff claimed that after he arrived at the CBCC, on January 4, 2008,
16  he received a box of his legal property, which he alleged did not contain any of his legal material related
17  to this lawsuit.  Plaintiff requested that all DOC employees and others acting on behalf of or in concert
18  with the DOC be prohibited from searching, confiscating, reading and packing and transferring any of his
19  personal legal property and materials, without putting in place safeguards with respect thereto.  In
20  addition, plaintiff requested those he named in his motion to show cause why his requests for preliminary
21  injunction should not be granted.

22         On January 24, 2008, plaintiff filed a motion for partial dismissal of his motions for temporary
23  restraining orders, stating that he had "just received his personal legal property" he previously claimed
24  had been confiscated from him. (Dkt. #40).  As such, plaintiff stated he no longer sought the return of that
25  property previously sought in his prior motions.  Plaintiff did state, however, that he still sought the relief
26  he set forth in the above motions regarding the other issues he discussed therein, such as access to the law
27  library, an order to show cause, a stay of further transfers, and appointment of counsel.

28         The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending
    a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football

REPORT AND RECOMMENDATION
Page - 2

League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking preliminary injunctive relief must fulfill one of two standards, either the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).  Under the traditional standard:

> [A] court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

Id.  Under the alternative standard:

> [T]he moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id.; Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).  To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention.  Associated General Contractors of California, Inc., 950 F.2d at 1410; Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."  Associated General Contractors of California, Inc., 950 F.2d at 1410.

The undersigned noted in the prior report and recommendation that plaintiff no longer was seeking preliminary injunctive relief concerning the legal property he claimed was confiscated, as that property has been returned to him.  In addition, plaintiff made no showing that the traditional or alternative standards for obtaining preliminary injunctive relief had been met with respect to his other request relief. He also failed to demonstrate an immediate significant risk of irreparable harm, and had not shown a likelihood of success on the merits of his claims.  Nor had plaintiff established that the balance of harm favored him or that public interest favored granting him the relief requested.

Most significantly, it was noted that "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."  Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."  Id.  None of the entities or individuals with respect to whom plaintiff was seeking preliminary injunctive relief, however, was a party to this action.  As such,

1    the undersigned found the Court had no authority to grant the relief plaintiff was requesting.

2           For all of the above reasons, the undersigned recommended that the Court deny plaintiff's various

3    motions for temporary restraining orders, except, with respect to plaintiff's motion for partial dismissal of

4    his motions for temporary retraining orders, to the extent he was no longer requesting injunctive relief

5    regarding his legal property and materials.  In addition, the undersigned further recommended that the

6    Court deny plaintiff's request for appointment of counsel contained therein.

7           On January 25, 2008, plaintiff filed his third motion for temporary restraining order.  This motion,

8    however, is just as defective as his prior motions.  In his current motion, plaintiff requests that the Court

9    order various DOC officials – again, none of whom appear to be parties to this action – to return to him

10   legal property of his that he claims once more was taken from him on January 24, 2008.  He also requests

11   that the Court order all DOC staff and officials to refrain from packing, reading or confiscating any of his

12   legal property, until safeguards can be put in place to ensure that property will arrive and be given to him

13   when he is transferred from one facility to another.

14          For the same reasons set forth above concerning plaintiff's other motions for injunctive relief, his

15   third motion for temporary restraining order should be denied as well.  Plaintiff was warned in the prior

16   report and recommendation that any motions he files in the future deemed to be frivolous in nature, may

17   subject him to sanctions, including monetary sanctions.  Because plaintiff filed his current motion before

18   the undersigned had issued that report and recommendation, the above warning will not be applied here.

19   However, given that plaintiff has now filed multiple motions for injunctive relief on the same issue, all of

20   which have been found to be without any merit, any such future motions will be deemed to be frivolous in

21   nature, and a recommendation shall be made that they be dealt with accordingly.

22                                        CONCLUSION

23          For all of the above reasons, the Court should deny plaintiff's third motion for a temporary

24   restraining order. (Dkt. #43).

25          Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),

26   the parties shall have ten (10) days from service of this Report and Recommendation to file written

27   objections thereto.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

28   objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **March 21,**

**2008**, as noted in the caption.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 27th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge