UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT ANGELONE,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL FURST, *et al*,<br><br>             Defendants. | Case No.  C07-5538RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 21, 2008 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the court on plaintiff's filing of a motion for entry of default. (Dkt. #53).  Having reviewed plaintiff's motion, defendants' response thereto and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Robert J. Bryan's review.

DISCUSSION

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55 provides as follows:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

*(1) By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant

who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

*(2) By the Court.* In all other cases, the party must apply to the court for a default judgment.

Default judgments, however, "are generally disfavored." Pena v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir. 1985); see also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, 840 F.2d 685, 689 (9th Cir. 1988). Thus, "[w]henever it is reasonably possible, cases should be decided upon their merits." Pena, 770 F.2d at 814 (where party with meritorious defense seeks timely relief from default judgment, any doubt should be resolved in favor of that party's motion to set aside judgment). Indeed, default judgments are "to be used sparingly." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations.").

On November 1, 2007, the undersigned ordered service of plaintiff's complaint on each of the defendants named therein by the United States Marshal. (Dkt. #7). On November 15, 2007, a waiver of service of summons upon defendant Louis Figuiroa was received by the Court. (Dkt. #18). On November 20, 2007, the undersigned received defendant Figuiroa's return of service form. (Dkt. #19). On February 6, 2008, plaintiff filed his motion for entry of default against defendant Figuiroa and defendant Aijaz Khursid, with respect to whom service by the United States Marshal also had been ordered.

On February 8, 2008, a return of service form for defendant Khursid came back unexecuted. (Dkt. #49). Apparently service was unable to be made on him, because he could not be located at the address provided by plaintiff. Id. Plaintiff asserts in his motion that while both defendant Khursid and defendant Figuiroa have been served with the complaint, neither has filed an answer or otherwise appeared in this case. As just discussed, however, this is not the case with respect to defendant Khursid, as it appears he was never served. This is solely the fault of plaintiff though, and the undersigned previously informed him that it is his responsibility to provide the correct mailing address for each defendant, so that service by mail may be attempted by the United States Marshal.

With respect to defendant Figuiroa, a notice of appearance by the Washington State Office of the Attorney General was made on his behalf on February 19, 2008. (Dkt. #55). That same day, defendant Figuiroa filed an answer to the complaint (Dkt. #56) and his response to plaintiff's motion (Dkt. #57). Pursuant to the waiver of service of summons defendant Figuiroa received and returned, he had sixty (60)

REPORT AND RECOMMENDATION
Page - 2

1  days from November 2, 2007, or until January 1, 2008, within which to file his answer.  Clearly, the filing
2  of defendant Figuiroa's answer did not occur in a timely manner.
3       Nevertheless, given that default judgments are disfavored generally and should be used sparingly
4  in only extreme situations, and that an answer now has been filed by defendant Figuiroa, plaintiff's
5  motion for entry of default (Dkt. #53) should be denied.  The undersigned further finds that the claims
6  plaintiff has asserted against defendant Figuiroa should be decided on their merits.  In addition, plaintiff
7  has not shown that defendant Figuiroa's failure to file an answer to his complaint within the required time
8  period "prejudiced him in any way," even though that answer was filed more than one and a half months
9  late. Mitchell, 294 F.3d at 1317 (noting defendant had filed motion to dismiss within short time after
10 deadline for responsive pleadings).

## CONCLUSION

12      For all of the above reasons, the Court should deny plaintiff's motion for entry of default. (Dkt.
13 #53).
14      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
15 the parties shall have ten (10) days from service of this Report and Recommendation to file written
16 objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
17 objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit
18 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **March 21,**
19 **2008**, as noted in the caption.
20      The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.
21      DATED this 27th day of February, 2008.

                                      Karen L. Strombom
                                      United States Magistrate Judge