UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

            Plaintiff,

v.

MICHAEL FURST, *et al*,

            Defendants.

Case No.  C07-5538RJB-KLS

ORDER REGARDING
PLAINTIFF'S SUBPOENAS

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.  The case is before the Court on plaintiff's submission of a praecipe for the issuance of three subpoenas on May 12, 2008, and a second praecipe for the issuance of two additional subpoenas on May 19, 2008.  After reviewing the two praecipes and accompanying subpoenas and the balance of the record, the Court finds and orders as follows:

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45(a)(3) states that "[t]he Clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it," who then "must complete it before service."  The three subpoenas plaintiff submitted to the Clerk on May 12, 2008, apparently already have been filled out.  One requests certain medical records concerning plaintiff from a prison official at the Monroe Correctional Complex, located in Monroe, Washington.  The other two also request plaintiff's medical records, but from prison officials at a state prison located in the State of South Dakota.  In the

ORDER
Page - 1

1  praecipe accompanying the three subpoenas, plaintiff also asks the Court itself to serve the subpoenas,
2  and to order that the individuals to whom the subpoenas are addressed mail the requested records directly
3  to him as "Confidential/Medical Records" and direct that they be delivered to him.

4  As noted above, however, plaintiff has the responsibility for serving his own subpoenas. Plaintiff
5  claims he is too indigent to do so, but the Clerk previously has issued subpoenas on his behalf, in regard
6  to which he appears to have had no trouble serving. (See Dkt. #52 and #64).  In addition, *in forma*
7  *pauperis* status merely waives payment of the Court filing fee.  In regard to the Court ordering the
8  mailing of the requested records directly to plaintiff, plaintiff argues such is necessary because in the past
9  requested records have been sent to the mail room of the prison where he is incarcerated, which then
10 charges him for copying those records, even though he is indigent.  The Court will not do so.

11 First, plaintiff has not made any showing that he has requested the individuals on which he seeks
12 to serve the subpoenas to mail them to him as requested.  Nor does Fed. R. Civ. P. 45 at all require that
13 the requested documents be produced in that manner.  In addition, plaintiff's problem in actuality is with
14 the prison's mail and record-keeping system and how medical records are made available to inmates.  No
15 showing has been made, however, that any person who may have control over those systems is a party to
16 this case, and thus the Court is without authority to address the matter.  Plaintiff, furthermore, does not
17 appear to have attempted to resolve this issue either in consultation with defendants' counsel or with the
18 proper prison officials.

19 With respect to those subpoenas seeking the production or inspection of documents, furthermore,
20 Fed. R. Civ. P. 45(a)(2)(C) requires that such subpoenas are to be issued "from the court for the district
21 where the production or inspection is to be made."  As noted above, though, two of the subpoenas
22 plaintiff seeks to have issued are directed at individuals located in South Dakota.  This Court, therefore, is
23 not the proper court to issue them, and the Clerk hereby is directed not to do so, but to return them to
24 plaintiff so that he may seek to have them issued from the proper court.  The Clerk otherwise shall issue
25 the one other subpoena submitted by plaintiff on May 12, 2008, directed to the individual at the Monroe
26 Correctional Complex, in accordance with Fed. R. Civ. P. 45.

27 Also as noted above, plaintiff submitted a praecipe for two other subpoenas on May 19, 2008, also
28 seeking what appear to be certain medical records.  As those two subpoenas appear to seek the production
   or inspection of documents from a person located within this district, the Clerk shall proceed to issue

1 them as well in accordance with Fed. R. Civ. P. 45. Plaintiff, however, further requests in his praecipe
2 that the Court order the individual to whom the subpoenas are addressed to comply with the subpoena.
3 The Court again will not do so, as the subpoenas have not even yet been issued, let alone served.

4     Accordingly, pursuant to the above findings, the Clerk is directed to do the following: (1) sign and
5 issue the May 12, 2008 subpoena addressed to the prison official at the Monroe Correctional Complex,
6 and return it to plaintiff, along with the copy thereof provided by plaintiff; (2) return to plaintiff, but do
7 not sign or issue, the two May 12, 2008 subpoenas addressed to the prison officials at the state prison
8 located in South Dakota along with the copies thereof provided by plaintiff; and (3) sign and issue the two
9 May 19, 2008 subpoenas submitted by plaintiff. The Clerk also is directed to send a copy of this Order to
10 plaintiff and counsel for defendants.

11     DATED this 2nd day of June, 2008.

                          Karen L. Strombom
                          United States Magistrate Judge