UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT ANGELONE,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL FURST, *et al*,<br><br>                Defendants. | Case No. C07-5538RJB-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ORDER FOR MENTAL AND PHYSICAL EXAMINATION OF PLAINTIFF AND POOR PERSON'S ORDER |

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion for an order for mental and physical examination of himself (Dkt. #74) and motion for poor person's order (Dkt. #82). After reviewing plaintiff's motion, defendants' responses thereto (Dkt. #79-#80), and the balance of the record, the Court finds and orders as follows:

      In his motion, plaintiff requests that pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 35(a), the Court order a physical and mental examination of him be performed, including a position emission tomography ("PET") scan. Plaintiff assert that such examination is required to determine factual issues important to this case, namely whether he is suffering from brain damage and/or impairment that may be related to the cause of the pain associated with his headaches. However, for the reasons set forth below, plaintiff's requested should not be granted here.

ORDER
Page - 1

Fed. R. Civ. P. 35(a) provides as follows:

**(a) Order for an Examination.**

**(1)** *In General.* The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

**(2)** *Motion and Notice; Contents of the Order.* The order:

**(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and

**(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

The above language makes clear that this rule of discovery is designed to allow a party to take a mental or physical examination of <u>another</u> party to the case. Indeed, as pointed out by defendants, plaintiff does not need leave of the Court to have a mental or physical examination performed by his own medical examiner at his expense.

To the extent, as defendant suggests, plaintiff is really seeking to have such an examination be done at government expense, he is not entitled to that either. While plaintiff may in fact be indigent, and he is proceeding *in forma pauperis* status in this matter, that status is merely granted to allow plaintiff to proceed without having to pay the Court filing fee. It does not entitle him to payment of any additional costs that may be associated with this litigation. Indeed, except for the fact that plaintiff is incarcerated, he is in no different position than any other indigent *pro se* party before this Court, who also would not be entitled to what plaintiff is requesting here.

For the same reason, plaintiff is not entitled to the costs he claims he is being required to pay for copying his medical records he has from corrections agencies in both the state of Washington and the state of South Dakota. That is, the grant of his *in forma pauperis* status merely entitles him to proceed with his lawsuit without having to pay the Court filing fee. Plaintiff alleges he cannot get certain of his records he has requested through discovery because one of the defendants' attorneys will not produce them without him first paying for copies thereof. Plaintiff, however, has not shown such a requirement for payment to be improper. Nor, to the extent he is alleging any discovery improprieties here, has he shown he properly has sought to compel those records.

Accordingly, plaintiff's motion for mental and physical examination of himself (Dkt. #74) and his

1 motion for a poor person's order (Dkt. #82) hereby are DENIED.

2 The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

3 DATED this 18th day of June, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3