UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

                Plaintiff,

    v.

MICHAEL FURST, *et al*,

                Defendants.

Case No. C07-5538RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION REQUESTING COURT-APPOINTED COUNSEL AND *PRO SE* ATTORNEYS LIST

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion requesting that his application for court-appointed counsel be sent to the screening committee of the Federal Bar Association, and that he be provided with a "list 'pool'" of attorneys names and addresses who take cases on a *pro bono* basis, and which he believes the Court possesses. (Dkt. #86). After reviewing plaintiff's motion and the balance of the record, the Court finds and orders as follows:

       In his motion, plaintiff requests that this Court send his attached application for court-appointed counsel (Dkt. #86-2) to he Federal Bar Association's screening committee, so it can be determined if an attorney should be appointed for him in this matter. Plaintiff asserts that the Federal Bar Association has a procedure for appointing counsel in certain civil rights cases, and that if the screening committee thereof decides that an attorney should be appointed, it makes a recommendation to the Court that such occur. If

1  the Court approves, then an attorney is selected from a pool of voluntary attorneys, who are willing to
2  take the case on a *pro bono* basis.

3  It appears, however, that plaintiff forgets he previously had filed two motions to appoint counsel,
4  both of which this Court denied. (Dkt. #16, #33, #42, and #46).  Plaintiff has provided the Court with no
5  new reasons why appointment of counsel in this matter is now warranted.  Nor does the Court find any.
6  Given that, according to plaintiff, under the Federal Bar Association's procedures the Court in any event
7  would make the final decision regarding appointment of counsel, forwarding the application as suggested
8  by plaintiff would be moot.  This does not stop plaintiff from directly contacting that organization or any
9  other legal organization, though, in an attempt to find *pro bono* counsel on his own.

10  As to plaintiff's second request – a copy of the Court's "list 'pool'" of attorneys, along with their
11  addresses, who would be willing to take cases on a *pro bono* basis – no such Court list exists.
12  Accordingly, for the foregoing reasons, plaintiff's motion (Dkt. #86) hereby is DENIED.

13  The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.
14  DATED this 8th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge