UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

                Plaintiff,

v.

MICHAEL FURST, *et al*,

                Defendants.

Case No. C07-5538RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on plaintiff's filing of a motion for an order compelling defendants to provide requested discovery and an order holding non-defendants in contempt. (Dkt. #92). After reviewing plaintiff's motion, defendants responses to that motion, plaintiff's reply thereto, and the balance of the record, the Court finds and orders as follows:

Fed. R. Civ. P. 37(a)(1) provides in relevant part:

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

In his motion, plaintiff alleges defendants have failed to properly respond to various discovery requests he has made of them. He further alleges he made good faith efforts to obtain that discovery without action by this Court, but that "proved futile." (Dkt. #92, pp. 1-2; Dkt. #92-2, Exhibit A, Plaintiff's Certification

ORDER
Page - 1

of Good Faith Attempts to Confer with Parties Not Making Disclosures ("Plaintiff's Certification," p. 1)). Specifically, plaintiff asserts he attempted to do so via letter on March 28, 2008, and again on May 26, 2008, with counsel for defendants Wu, Rossi, Amaru and Figueroa ("state defendants") and counsel for defendant Furst. (Id., Exhibit A, Plaintiff's Certification, pp. 1-2).

I.  State Defendants

Counsel for state defendants dispute plaintiff's description of his efforts. He has provided a copy of the March 28, 2008 letter, addressed to both defense counsel, in which plaintiff accused them of having taken advantage of his ignorance regarding their responses to his discovery requests. (Dkt. #96-2, Exhibit 1, Attachment A). Plaintiff further states that the letter was a notification that a conference call was needed "to work out these problems or as an alternative to produce the medical records" he had requested, as well as "other documents" they refused to provide him. (Id.). In addition, he requested a response from defense counsel "without any delay" informing him as to their intentions, and to let him know if they did "not want to provide the medical records and the other documents" he requested. (Id.).

In a letter addressed to plaintiff, dated April 1, 2008, counsel for state defendants stated that no one had refused to provide him with his medical records, and that he could "submit a kite at any time" and arrangements would be made for him to inspect them. (Id., Attachment B). Counsel for state defendants further stated therein that plaintiff could "choose to have a copy of any document made" he felt necessary to prosecute his complaint, but that plaintiff had refused to do so because he did not want to pay for such copies, and that this was explained to him twice before.[1] (Id.). In addition, counsel for state defendants told plaintiff that in the alternative he also could copy his medical file for him, and charge "reasonable copying expenses" of "$.10 per page" prior to sending it to him. (Id.).

There is no record of plaintiff having responded to the offers made by counsel for state defendants, who also asserts that he has received no response thereto. (Id., Exhibit 1, Declaration of Peter W. Berney "Berney Declaration"), p. 2, ¶ 4). Then, in a letter dated May 20, 2008, which was received by counsel for state defendants on May 28, 2008, plaintiff requested a telephonic conference related to

---

[1] Indeed, plaintiff requests in his motion that defendants be ordered to turn over his medical records to him without cost. (Dkt. #92, p. 12). As noted by state defendants, however, they are not obligated to pay or otherwise absorb the costs plaintiff incurs in prosecuting this action against them, nor, as previously stated by this Court, does the fact that plaintiff has been granted *in forma pauperis* statues in this matter entitle him to payment of costs associated with this litigation. (Dkt. #83, p. 2; Dkt. #96, p. 2; Dkt. #96-2, Exhibit 1, Attachment B).

their "discovery dispute." (Id., Exhibit 1, Berney Declaration, p. 3, ¶ 5, Attachment C). In the letter, plaintiff further stated that as a prisoner he could not set up these calls, but rather they had to be set up by "the AG office." (Id.). Plaintiff also requested defense counsel's "consideration in this matter and a proper response." (Id.). In a letter dated May 29, 2008, counsel for state defendants told plaintiff that:

> I am in receipt of your May 20, 2008, letter. In it you request a telephonic conference "related to our discovery dispute" but you do not identify what you feel is in dispute between the parties. So as to be properly prepared for any such conference, please itemize the issues you wish to discuss.

(Id., Attachment D). Counsel for state defendants asserts that he received no further communication from plaintiff until the present motion was filed. (Id., Berney Declaration, p. 2, ¶ 6).

In his declaration filed with state defendants' response to plaintiff's motion to compel, counsel for state defendants states that in light of the specific discovery responses identified for the first time therein, he had arranged a telephonic conference with plaintiff on August 22, 2008. (Id.). In a second declaration filed that same day, counsel for state defendants states that he did call and converse with plaintiff on that day, and further states as follows:

> I asked Plaintiff which discovery issues he wished to discuss first and he responded that I knew what they were all along and that he would not discuss them at that time. I responded that I did not know what his discovery issues were until I received his motion to compel and that this was his opportunity to discuss them with me as required by the Civil Rules. Plaintiff again refused to discuss the discovery issues with me and unilaterally terminated the conversation.

(Dkt. #98, p. 1-2, ¶ 3).

Plaintiff filed a declaration in opposition to the second declaration submitted by counsel for state defendants. (Dkt. #99). In his declaration, plaintiff does not dispute that counsel for state defendants had called him, but alleges that when he was escorted from his cell to take the call, he was not allowed to take the legal documents he states he needed and his hands were kept cuffed behind his back, despite having informed the escort officer that he needed his hands to be cuffed in front of him. (Id., p. 2, ¶ 3). Plaintiff states that he could only tell counsel for state defendants that all he needed was what was requested in his motion, and that if counsel for state defendants did not agree, then the Court would "decide that there was no sense in going over the motion." (Id., p. 2, ¶ 4).

Plaintiff admits he did not inform counsel for state defendants that he did not have any of his legal documents and that his hands were cuffed behind his back at the time of the call. (Id.). Plaintiff, however, implies in his declaration that the demeanor, attitude and "prior steadfast refusal to provide discovery" of

ORDER
Page - 3

counsel for state defendants, and the desire of counsel for state defendants "to go over the same discovery issues" made any further discussion of the discovery issues raised in his motion an abuse of professional ethics as demonstrated throughout this action. (Id., p. 3, ¶ 5). In addition, plaintiff asserts he was unable to repeat the discovery issues contained in his motion at the time of the telephone call, and that counsel for state defendants previously had admitted that he knew what those issues were. (Id., p. 3, ¶ 6).

The Court finds plaintiff has failed to confer with counsel for state defendants in good faith here. The record shows that plaintiff only attempted to twice to contact defense counsel regarding any discovery issues he had. Both of those letters were extremely general in content and utterly devoid of any details as to what plaintiff was seeking. In addition, the record shows counsel for state defendants made reasonable attempts to clarify those issues, but did not receive any response from plaintiff until the motion to compel was filed with this Court. Counsel for state defendants further informed plaintiff that he could obtain any of his medical records, as long as plaintiff himself paid for them, and even offered to assist him in getting copies thereof. Lastly, plaintiff himself admits he did not inform counsel for state defendants concerning his circumstances at the time of the August 22, 2008 phone call, and fails to support his unsubstantiated allegations that counsel knew what the specific discovery issues he had were or is committing perjury or abusing the litigation process.

II. <u>Defendant Furst</u>

Plaintiff in his motion also alleges defendant Furst has not properly responded to the discovery requests made of him. In response, counsel for defendant Furst states that after having reviewed the motion, he and defendant Furst – while believing the vast majority of their initial responses were and continue to be appropriate – have found that "a few of the questions" posed to defendant Furst need to be answered based on a review of plaintiff's medical records. (Dkt. #97, p. 1). These records, counsel for defendant Furst states, were not available when responses to the discovery requests were prepared. (Id. at pp. 1-2). Lastly, counsel for defendant Furst states that at the time they filed their response to plaintiff's motion to compel on August 28, 2008, supplemental responses to those discovery requests were in the process of being prepared, and should be "finalized within the next 7 to 10 days." (Id.).

Plaintiff has not filed any reply to defendant Furst's response, including any objections to having defendant Furst's discovery responses be supplemented in the manner described above. In addition, there is no evidence in the record that such supplementation has not in fact already occurred or any indication

that it is unsatisfactory to plaintiff. Accordingly, for all of the above reasons plaintiff's motion to compel with respect to both state defendants and defendant Furst (Dkt. #92) hereby is DENIED.

III. <u>Non-defendants</u>

Plaintiff further requests that the Court hold two non-parties to this case in contempt for allegedly having failed to obey two subpoenas for requests for production of documents pursuant to Fed. R. Civ. P. 45. (<u>Id.</u>, p. 22; Exhibit P). Any "person who, having been served, fails without adequate excuse to obey the subpoena" may be held in contempt by the issuing court. Fed. R. Civ. P. 45(e). As noted above, Fed. R. Civ. P. 37(a)(1) allows for a motion for an order to compel discovery "[o]n notice to other parties and <u>all affected persons</u>," and requires that the party seeking the order certify that he or she "has in good faith conferred or attempted to confer with <u>the person</u> or party failing to make disclosure or discovery in an effort to obtain it without court action." (emphasis added). Plaintiff, however, has not provided such certification or shown that he has conferred or attempted to confer in the manner prescribed by Fed. R. Civ. P. 37(a)(1), nor does it appear that plaintiff has served or otherwise provided the persons to whom the subpoenas are addressed with notice of his motion. As such, plaintiff's motion for an order holding non-defendants in contempt (Dkt. #92) hereby is DENIED as well.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 9th day of September, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge