UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

        Plaintiff,

v.

MICHAEL FURST, *et al.*,

        Defendants.

Case No. C07-5538RJB

ORDER DENYING MOTION FOR EXTENSION OF TIME, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt. 101), Plaintiff's Request for Extension of Time to File Further Objections to the Report and Recommendation (Dkt. 113), and Plaintiff's Motion for the Court to Appoint Counsel (Dkt. 113). The Court has considered the relevant documents and the remainder of the file herein.

On September 19, 2008, the Report and Recommendation regarding Defendant Dr. Michael Furst's Motion for Summary Judgment was filed. Dkt. 101. The Report and Recommendation recommended granting Defendant Furst's Motion and dismissing the Plaintiff's claims against him. *Id.* The facts relating to Plaintiff's claims against Defendant Furst are related at length in the Report and Recommendation and shall not be repeated here. *Id.* The Report and Recommendation was noted for October 17, 2008. *Id.*

Plaintiff's first motion for an extension of time to file objections to the Magistrate Judge's Report and Recommendation on Defendant Furst's Motion for Summary Judgment was granted on October 7, 2008. Dkt. 104. Plaintiff's second motion for an extension of time to file objections, dated seven days after the first motion for an extension of time, was stricken as moot. Dkt. 108. The Report and Recommendation was renoted to November 7, 2008. Dkt. 104.

On November 10, 2008, Plaintiff filed an eighteen page pleading, seventeen of which contained objections to the Report and Recommendation on Defendant Furst's Motion for Summary Judgment. Dkt.

113, at 2-18. Plaintiff uses a single page of that pleading to move for a third extension of time to file additional objections to the Report and Recommendation on Defendant Furst's Motion for Summary Judgment and move for appointment of counsel. Dkt. 113, at 1. As a result of the filing of the objections to the Report and Recommendation, the Report and Recommendation was renoted for November 28, 2008.

This Opinion will first address Plaintiff's third motion for extension of time to file objections to the Report and Recommendation (Dkt. 113), then the Plaintiff's motion for appointment of counsel (Dkt. 113), and lastly, the Report and Recommendation (Dkt. 101).

### I. THIRD MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS

Pursuant to Fed. R. Civ. P. 6(b)(1), the Court may, for good cause, grant an extension of time. Plaintiff's third motion for an extension of time to file further objections to the Report and Recommendation on Defendant Furst's Motion for Summary Judgment should be denied. Plaintiff has failed to show he has good cause for an additional extension of time.

Plaintiff states, in a declaration filed with his objections, that he needs an extension of time to file additional objections because he is taking Morphine which is interfering with his ability to prosecute his suit. Dkt. 113-2. Plaintiff further requested appointment of counsel. *Id.* Plaintiff dated this two page declaration on November 6, 2008, the same day that he dated his eighteen page pleading. Dkts. 113, at 18 and Dkt. 113-2, at 2. Since that time, Plaintiff has filed a motion for extension of time to respond to a summary judgment motion (Dkt. 114), a declaration in support of motion for extension of time, (Dkt. 114-2), and a partial response to summary judgment motion and cross motion for summary judgment (Dkt. 119). Plaintiff's claim that he is unable to respond to motions and prosecute his case is belied by his continued filings. Plaintiff's third motion for an extension of time to file objections to the Report and Recommendation (Dkt. 113) should be denied.

### II. MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent any person unable to afford counsel, but should limit such appointments to exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's motion to have counsel appointed for him (Dkt. 113) should be denied. Plaintiff has not shown that he is likely to succeed on the merits. He has not shown he is unable to articulate the instant case's claims pro se. Plaintiff is a seasoned litigator. Plaintiff is able to articulate his positions adequately and raise issues to the Court. The issues do not appear to be complex. Plaintiff's motion for appointment of counsel (Dkt. 113) should be denied.

## III. REPORT AND RECOMMENDATION (DKT. 101)

The Report and Recommendation (Dkt. 101) should be adopted, and Defendant Furst's Motion for Summary Judgment (Dkt. 84) should be granted. Plaintiff's objections are generally a restatement of his earlier arguments. Dkt. 113. Those issues are effectively addressed in the Report and Recommendation. Dkt. 101. To the extent he raises new issues, they are addressed below.

Plaintiff argues, in his objections, that Defendant Furst failed to show that there wasn't any evidence in the record to support Plaintiff's claims. Dkt. 113. Plaintiff argues that Defendant is not entitled to Summary Judgment as a result. *Id.* Plaintiff does not show that, under Fed. R. Civ. P. 56, as the moving party, Defendant had the burden to show that there was no evidence in the record to support Plaintiff's claims. Indeed, it is Plaintiff who has failed to carry his burden under Rule 56 - to point to evidence in the record which shows that there are material issues in dispute.

Plaintiff argues in his objections that the Magistrate Judge treated the evidence improperly. Dkt. 113, at 6. He argues that:

> She made credibility determinations for the defendant, weight [sic] conflicting evidence, made misrepresentations of the plaintiff's case, allegations, and claims, overlooked crucial facts, ignored others, made arguments for the defendant as if she was defendant's lawyer, then used it in her decision making process against the plaintiff as if the defendant made the arguments.

*Id.* Plaintiff fails to point to any particular piece of evidence that was treated improperly. Plaintiff does not explain how any of the evidence, if viewed differently, creates a genuine issue of material fact which would preclude summary judgment. Plaintiff's general allegations regarding the Report and Recommendation's treatment of the evidence are without merit.

1  The Report and Recommendation (Dkt. 101) should be adopted, and Plaintiff's claims against Defendant Furst should be dismissed. The Report and Recommendation addresses Plaintiff's claims solely against Defendant Furst. Dkt. 101. Plaintiff has made claims against additional Defendants. The case should be re-referred to Judge Strombom.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Third Request for Extension of Time to File Objections to the Magistrate Judge's Report and Recommendation (Dkt. 113) is **DENIED;**
- Plaintiff's Motion for Appointment of Counsel (Dkt. 113) is **DENIED;**
- The Report and Recommendation (Dkt. 101) is **ADOPTED**;
  - Defendant Furst's Motion for Summary Judgment (Dkt. 84) is **GRANTED**;
  - Plaintiff's claims against Defendant Furst are **DISMISSED**;
- The case is **RE-REFERRED** to Magistrate Judge Karen L. Strombom; and
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of December, 2008.

ROBERT J. BRYAN
United States District Judge