UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

    Plaintiff,

v.

MICHAEL FURST, *et al*,

    Defendants.

Case No. C07-5538RJB-KLS

ORDER REGARDING
PLAINTIFF'S MOTION FOR
EXTENSION OF TIME AND
REQUEST FOR RECUSAL

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Rule MJR3 and MJR4. Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter is before the Court on plaintiff's filing of a motion for extension of time to respond to defendants' motion for summary judgment and his accusation of prejudice on the part of the undersigned judge contained therein. (Dkt. #103, 128).

I.    Plaintiff's Motion for Extension of Time

On October 28, 2008, the undersigned granted plaintiff's first motion for extension of time to respond to defendants' summary judgment motion. (Dkt. #105 and #110). In that motion, which was filed

on October 7, 2008, plaintiff stated he needed an extension of time until November 17, 2008, because he was in the process of being transferred to a new institution, and he already had had most, if not all, of his legal property taken from him for shipment to that institution. The Court granted this request, because it did not seem to be unreasonable at the time.

On November 12, 2008, plaintiff filed his second motion for extension of time to respond to defendants' motion for summary judgment. This time, plaintiff stated he was unable to meet the above extended deadline, because he was "under the influence of a powerful narcotic" he apparently takes for his pain, as well as morphine. (Dkt. #114 -2, p. 1). This, he claimed, dulled his senses "to such a degree" that it took him much longer to organize his thoughts. As such, plaintiff alleged it was "extremely difficult" for him "to maintain and keep up with this lawsuit" at that time. (Id. at p. 1-2).

Plaintiff further stated if he was given enough time (until December 26, 2008) "to do what I must do in this situation" given his need to "be on morphine indefinitely" – meaning he might need even more time than already asked for – than he would be able to respond to defendants' motion. (Id. at p. 2). The undersigned, however, found this request for additional time to be not well taken. First, plaintiff did not state when he first allegedly came under influence of his current medication regime. Apparently he was not under such influence when he made his first request for an extension of time, and there is no indication that he was under the influence prior to the filing of his second motion for extension of time, merely five days before his response was due. (Dkt. #120).

The undersigned further found plaintiff's own recent filings in this matter belied his claims of inability to timely and effectively respond to defendants' motion for summary judgment, or to otherwise prosecute his lawsuit. For example, plaintiff clearly was able to file his second motion for extension of time, and to provide a declaration in support thereof shortly before his response was required. Further, just two days prior to filing that motion, plaintiff filed 18 pages of objections to a September 30, 2008 report and recommendation recommending defendant Furst's motion for summary judgment be granted, again supported by a declaration as well as by attached exhibits. (Dkt. #113). While the undersigned thus was inclined to deny plaintiff's second motion for extension of time, he was granted an additional amount of time, until December 10, 2008, in which to file his response, given that the deadline for filing it already had passed.

In his present motion for extension of time, which was filed on December 11, 2008, plaintiff again states more time is needed to respond to defendants motion for summary judgment, because of the alleged effects of the morphine he claims to be taking. (Dkt. #128). But the undersigned finds the reasons noted above for denying his second, prior motion for extension of time are still valid, and plaintiff has provided no further bases for why those reasons once more should be applied here to deny his current motion. As such, plaintiff's third motion for extension of time to respond to defendants' summary judgment motion (Dkt. #128)[1] hereby is DENIED.

II. <u>Plaintiff's Accusation of Prejudice</u>

Plaintiff's motion for extension of time also contains the following statement:

> The plaintiff believes that this Magistrate Judge is prejudice [sic] to the plaintiff [sic] suit and is partial to the defendants and has acted for and on the defendants [sic] behalf as their advocate, and she should not preside over any of the plaintiffs [sic] actions regarding this case.

(Dkt. #128, p. 2). Although plaintiff does not state he is formally moving for recusal of the undersigned, and he has not properly noted it separately as a motion for recusal or filed an affidavit in support thereof in the manner required and described below, the undersigned, in an abundance of caution here, shall treat the above statements as such a motion.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir.1993). This is an

---

[1] On December 23, 2008, plaintiff filed yet another motion for extension of time to respond to defendants' motion for summary judgment (Dkt. #132), which the undersigned also has denied (<u>see</u> Dkt. #136) for different, though equally valid, reasons.

objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court, and has done so here. In addition, the undersigned has no personal bias or reason to be partial to one side or the other in this case. Indeed, plaintiff has set forth no specific reasons as to why he feels that the undersigned is prejudiced against him, and, as noted above, has failed to file the affidavit required by 28 U.S.C. § 144.[2] Accordingly, the undersigned finds no reason to recuse herself voluntarily from this case, and declines to do so.

Based on the foregoing, the undersigned submits that there is no reasonable basis for a voluntary recusal in this instance. Pursuant to Local Rule General Rule 8 this matter is referred to the chief judge. Accordingly it is hereby ordered that the undersigned **DECLINES** to recuse voluntarily, and plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Robert S. Lasnik for decision.

The clerk is directed to send a copy of this order to plaintiff, and to place the motion for the recusal of the undersigned on Judge Lasnik's motion calender.

**THIS ACTION IS STAYED PENDING RESOLUTION OF THE RECUSAL ISSUE. AS SUCH, NO PARTY SHALL FILE ANY MOTIONS OR OTHER PAPERS IN THIS MATTER UNTIL SUCH TIME AS THE RECUSAL ISSUE IS RESOLVE. ANY MOTIONS OR PAPERS FILED DURING THAT TIME SHALL NOT BE CONSIDERED BY THE COURT.**

This action is **STAYED** pending resolution of the recusal issue.

---

[2]Plaintiff did file an affidavit with his motion for extension of time (see Dkt. #128, pp. 3-4), but that affidavit focuses solely on the reasons he believes he is entitled to such an extension, and not the undersigned's alleged bias.

1 | The clerk shall send a copy of this Order to plaintiff and to counsel for defendants.
2 | DATED this 28th day of January, 2008.

Karen L. Strombom
United States Magistrate Judge