UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT ANGELONE,

          Plaintiff,

v.

MICHAEL FURST, *et al*,

          Defendants.

Case No. C07-5538RJB-KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 143. The Court has reviewed the Report and Recommendation, Objections to the Report and Recommendation, and the remaining record.

## I.    **FACTS**

On September 28, 2007, Plaintiff filed this civil rights action. Dkt. 1. On February 17, 2009, a Report and Recommendation was issued, recommending summary dismissal of all claims against all remaining Defendants. Dkt. 143. The facts and procedural history of this case regarding these claims and Defendants are recounted at length in the Report and Recommendation and are adopted here by reference. *Id.* The Report and Recommendation also notes that named Defendant Khursid has not been served pursuant to Fed. R. Civ. P. 4. Dkt. 143, at 1-2. Plaintiff was informed by the Court in February of 2008 on at least two different occasions, that it was his responsibility to provide the Court with a correct mailing address for Defendant Khursid, so that proper service could be attempted. Dkt. 54 and 60. The Report and Recommendation notes that Plaintiff was not given a deadline within which to provide the address,

ORDER
Page - 1

however. Dkt. 143, at 1-2, n.1. The Report and Recommendation renewed the warning, and set the date the Report and Recommendation was noted as Plaintiff's deadline to provide a mailing address for Defendant Khursid. *Id.* To date, Plaintiff still has not provided the address.

Plaintiff objects to adoption of the Report and Recommendation. Dkt. 146. He also appears to make a motion pursuant to Fed. R. Civ. P. 72 (a) regarding the Order Denying Plaintiff's Motion to Compel (Dkt.100). *Id.*

Upon Review of the Report and Recommendation (Dkt. 143), the Court finds that the Report and Recommendation should be adopted and the claims against all remaining Defendants dismissed. This Opinion will first address the Fed. R. Civ. P. 72 (a) motion raised in the Objections, then address the recommendation of dismissal of the claims against Khursid, and lastly, the Objections to the Report and Recommendation regarding dismissal of all claims against all remaining Defendants.

## II. DISCUSSION

### A. RULE 72 (a) MOTION

Plaintiff argues that the Magistrate Judge "abused her discretion" in denying his motion to compel. Dkt. 146. Plaintiff references Docket 92. *Id.* The Court shall construe this argument as a motion pursuant to Fed. R. Civ. P. 72 (a). Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff's motion to compel (Dkt. 92) was denied on September 9, 2008. Dkt. 100. Plaintiff did not file his motion until March 5, 2009. Dkt. 146. Accordingly, to the extent that Plaintiff makes a motion under Fed. R. Civ. P. 72 (a), his motion is untimely, and should be denied. In any event, Plaintiff has failed to show that Order Denying Plaintiff's Motion to Compel (Dkt. 100) was "clearly erroneous or contrary to law." Plaintiff fails to explain how the he discovery sought is relevant to his claims. Plaintiff fails to show that even if the discovery was relevant, the reasoning in the Order Denying Plaintiff's Motion to Compel was in error. His motion should be denied.

## B. SERVICE OF DEFENDANT KHURSID

Fed. R. Civ. P. 4(m), provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

There is no evidence in the record that this Complaint has been served on Defendant Khursid. The record indicates that this matter has been pending for approximately 564 days. Plaintiff still has not provided the Court with the proper address for Defendant Khursid to the Court for service by the United States Marshals. Despite the warnings given in February of 2008, and in February of 2009, Plaintiff has taken no action regarding Defendant Khursid. Accordingly, pursuant to Fed. R. Civ. P. 4 (m), the claims against Defendant Khursid should be dismissed without prejudice for his failure to serve the Complaint.

## C. OBJECTIONS TO THE REPORT AND RECOMMENDATION RE: DISMISSAL OF ALL REMAINING DEFENDANTS

### 1. *Objections Relating to Defendant Andre Rossi*

Plaintiff argues that the Report and Recommendation "misguides" the Court regarding his claims against Defendant Rossi. Dkt. 146, at 3. He urges the Court to examine Docket 127 to find the evidence which supports his claim against Rossi. *Id.*

Even upon review of Docket 127, Plaintiff still fails to carry his burden to avoid summary dismissal of his claims against Defendant Rossi. He does not explain why these pleadings provide evidence that Defendant Rossi was deliberately indifferent to his serious medical needs. Plaintiff's prior arguments, that Rossi intentionally interfered with his medications and that Rossi was improperly acting as a doctor, are addressed in the Report and Recommendation. The Report's findings on these issues are well founded. The remainder of his objections relating to Defendant Rossi are without merit.

### 2. *Objections Relating to the Remaining Defendants Except Defendants Rossi and Khursid*

Plaintiff alleges the Report and Recommendation makes a credibility finding regarding Defendant Louie Figueroa. Dkt. 146, at 12-14. Plaintiff misreads the Report and Recommendation. The Report and Recommendation finds that Plaintiff has failed to carry his burden to provide <u>any</u> reliable facts that Defendant Figueroa was deliberately indifferent to his serious medical needs. Dkt. 143 (*emphasis added*)

Plaintiff does not supply any evidence in his objections to support this claim. This objection does not provide a basis to not adopt the Report and Recommendation.

Plaintiff's objections regarding the remaining Defendants are the same or similar arguments raised in this prior pleadings. These arguments are properly addressed the Report and Recommendation.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiff's Fed. R. Civ. P. 72(a) Motion (Dkt. 146) is **DENIED**;

(2) The Report and Recommendation (Dkt. 143) is **ADOPTED**;

(3) Plaintiff's claims against Defendant Khursid are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's claims against the remaining Defendants are **DISMISSED WITH PREJUDICE**; and

(4) The Clerk is directed to send copies of this Order to Plaintiff and any other party that has appeared in this action.

DATED this 26th day of March, 2009.

ROBERT J. BRYAN
United States District Judge