# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KURT ANGELONE,<br><br>           Plaintiff,<br><br>    v.<br><br>DR. MICHAEL FURST,<br><br>           Defendant. | CASE NO. 07-5538 RJB/KLS<br><br>ORDER ON PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING APPELLANT REVIEW TO THE COURTS [SIC] ORDERED [SIC] DENYING THE PLAINTIFF APPOINTMENT OF AN ATTORNEY OR RECONSIDERATION |

This matter comes before the Court on the Plaintiff's Motion for Stay of Proceedings Pending Appellant Review to the Courts [sic] Ordered [sic] Denying the Plaintiff Appointment of an Attorney or Reconsideration. Dkt. 200. The Court has considered the pleadings filed regarding the motion and the remainder of the file herein.

## I.     FACTS

In September 2007, Plaintiff, a *pro se* prisoner, filed this civil rights action against multiple Defendants. Dkt. 1. All Defendants and claims were dismissed. Dkt. 148. Plaintiff

ORDER ON PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING APPELLANT REVIEW TO THE COURTS [SIC] ORDERED [SIC] DENYING THE PLAINTIFF APPOINTMENT OF AN ATTORNEY OR RECONSIDERATION- 1

1  appealed, and the Ninth Circuit Court of Appeals affirmed in part, vacated the judgment as to the

2  retaliation claim, and remanded the case. Dkt. 163.

3  On remand, this Court referred the case to U.S. Magistrate Judge Karen L. Strombom.

4  On November 21, 2011, the Court adopted the Report and Recommendation of U.S. Magistrate

5  Judge Strombom (Dkt. 188) which recommended denial of Defendant Michael Furst, M.D.'s

6  motion for summary judgment on Plaintiff's retaliation claim. Dkt. 190. The facts and

7  procedural history are contained in the Report and Recommendation (Dkt. 188, at 1-15) and are

8  adopted here. Briefly, in his surviving claim, Plaintiff asserts that in retaliation for Plaintiff's

9  threat to file a lawsuit and for filing various grievances against him, Dr. Furst spoke with

10 Plaintiff's primary care provider and told him that Plaintiff was a benzodiazepine seeker. Dkt.

11 181. Plaintiff's primary care provider then no longer gave Plaintiff benzodiazepine. *Id.* Dr.

12 Furst contests the motivation Plaintiff ascribes him, and asserts that he suggested what he felt

13 was appropriate medical treatment. Dkt. 176.

14 After the motion for summary judgment was denied, a case schedule was set. Dkt. 190.

15 Plaintiff's third motion to appoint counsel and motion for relief from the pending case deadlines

16 was denied on December 8, 2011. Dkt. 197.

17 Plaintiff now moves the Court for an order staying the case while he appeals the order

18 denying him appointment of counsel, or in the alternative, moves for reconsideration of that

19 order. Dkt. 200. Defendant opposes the motion. Dkt. 201.

20 For the reasons set forth below, Plaintiff's motion to stay, or in the alternative, for

21 reconsideration, should be denied.

ORDER ON PLAINTIFF'S MOTION FOR STAY
OF PROCEEDINGS PENDING APPELLANT
REVIEW TO THE COURTS [SIC] ORDERED
[SIC] DENYING THE PLAINTIFF
APPOINTMENT OF AN ATTORNEY OR
RECONSIDERATION- 2

## II. DISCUSSION

### A. MOTION TO STAY

Plaintiff's motion to stay the case (Dkt. 200) should be denied. Plaintiff has not filed a notice of appeal. Further, even if Plaintiff had filed an appeal of the order denying his third motion for appointment of counsel, Plaintiff would be appealing an interlocutory order. An appeal from an interlocutory order under 28 U.S.C. § 1292(a)(1) does not divest a trial court of jurisdiction to continue with other phases of the case. *Williams v. Alioto,* 625 F.2d 845, 848 (9th Cir. 1980) (*citing DePinto v. Provident Sec. Life Ins. Co*, 374 F.2d 50, 52 n.2 (9th Cir. 1967). There is no basis upon which to conclude that this Court is divested of jurisdiction. The case should go forward on the current case schedule.

### B. MOTION FOR RECONSIDERATION

Western District of Washington Local Rule CR 7(h)(1) provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff moves for reconsideration of the order denying his third motion for appointment of counsel (Dkt. 197). Dkt. 200. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER ON PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING APPELLANT REVIEW TO THE COURTS [SIC] ORDERED [SIC] DENYING THE PLAINTIFF APPOINTMENT OF AN ATTORNEY OR RECONSIDERATION- 3

1    Plaintiff's motion for reconsideration (Dkt. 200) should be denied. Plaintiff has failed to show a "manifest error in the prior ruling." Plaintiff argues that he should be appointed counsel because the Court did not consider the "extraordinary circumstances" of his case - that the outcome will turn on credibility determinations. Dkt. 200. Plaintiff misapprehends what constitutes "exceptional circumstances" under 28 U.S.C. § 1915(e)(1). Whether a party prevails in many cases depends on which version of the facts the jury believes. In any event, the Plaintiff has failed to point to error in the Court's findings regarding his "likelihood of success on the merits" and his ability "to articulate the claims pro se in light of the complexity of the legal issues involved." *Weygandt,* at 954. Plaintiff has repeatedly demonstrated his ability to raise issues with the Court and explain the factual basis in support of his retaliation claim. Plaintiff expresses concern over his ability to get evidence admitted at trial. Plaintiff, however, chose to file this case, and appears quite able to review the rules and case law governing such matters. He has failed to demonstrate that counsel should be appointed for him. Further, Plaintiff has not shown "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," and his motion for reconsideration should be denied. The order denying Plaintiff's third motion for appointment of counsel (Dkt. 197) should be affirmed.

### III.   ORDER

Accordingly, it is **ORDERED** that:

- Plaintiff's Motion for Stay of Proceedings Pending Appellant Review to the Courts [sic] Ordered [sic] Denying the Plaintiff Appointment of an Attorney or Reconsideration (Dkt. 200) **IS DENIED;**

- The Order denying Plaintiff's third motion for appointment of counsel (Dkt. 197)

**IS AFFIRMED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of January, 2012.

　　　　　　　　　　　　　　　　/s/ Robert J. Bryan
　　　　　　　　　　　　　　　　ROBERT J. BRYAN
　　　　　　　　　　　　　　　　United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING APPELLANT REVIEW TO THE COURTS [SIC] ORDERED [SIC] DENYING THE PLAINTIFF APPOINTMENT OF AN ATTORNEY OR RECONSIDERATION- 5