UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT ANGELONE, | CASE NO. 07-5538 RJB/KLS |
| Plaintiff, | ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON WRIT OF HABEAS CORPUS AD TESTIFICANDUM AND/OR MOTION TO DISMISS |
| v. | |
| DR. MICHAEL FURST, | |
| Defendant. | |

This matter comes before the Court on the Plaintiff's Motion for Reconsideration on the Order on Motion for Writ of Habeas Corpus Ad Testificandum and/or Motion to Dismiss (Dkt. 249) and Emergency Motion to Dismiss Case (Dkt. 258). The Court has considered the relevant documents and the remainder of the file herein.

Originally filed in September 2007, Plaintiff, a *pro se* prisoner, filed this civil rights action against multiple Defendants. Dkt. 1. All Defendants and claims were dismissed. Dkt. 148. Plaintiff appealed, and the Ninth Circuit Court of Appeals affirmed in part, vacated the judgment as to the retaliation claim, and remanded the matter. Dkt. 163.

ORDER ON MOTION FOR RECONSIDERATION
OF ORDER ON WRIT OF HABEAS CORPUS AD
TESTIFICANDUM AND/OR MOTION TO
DISMISS- 1

1   On November 21, 2011, the Court adopted the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt. 188) which recommended denial of Defendant Michael Furst, M.D.'s motion for summary judgment on Plaintiff's retaliation claim. Dkt. 190. In this claim, Plaintiff asserts that in retaliation for Plaintiff's threat to file a lawsuit and for filing various grievances against him, Dr. Furst spoke with Plaintiff's primary care provider and told him that Plaintiff was a benzodiazepine seeker. Dkt. 181. Plaintiff's primary care provider then no longer gave Plaintiff benzodiazepine. *Id.* Dr. Furst contests the motivation Plaintiff ascribes him. Dkt. 176. Instead, he alleges that his goal of avoiding having Plaintiff on benzodiazepines, had nothing to do with Mr. Angelone expressing his concerns, but was motivated by what he felt was appropriate medical treatment. Dkt. 176. Parties have engaged in discovery and trial is set to begin on December 10, 2012. Dkt. 214.

Mr. Angelone moved for an order issuing a writ of habeas corpus ad testificandum requiring Washington Department of Corrections Superintendent Pat Glebe of the Stafford Creek Correction Center to bring him to the federal court house in Tacoma for the trial. Dkt. 249. He further requested that he be given civilian clothes, heart medication, and hygiene products. *Id.*

On October 30, 2012, Mr. Angelone's motion for an order issuing a writ of habeas corpus ad testificandum was granted, in part, as follows:

> The Washington Department of Corrections should arrange for the production of Plaintiff, Kurt Angelone, DOC No. 965087, in the courtroom of the Honorable Robert J. Bryan, United States District Court, 1717 Pacific Avenue, Tacoma, WA on Monday December 10, 2012 at 9:00 a.m. (or at a further date as the Court's calendar requires) and should arrange for Mr. Angelone's production until the trial is concluded. The Washington Department of Corrections should arrange for Mr. Angelone's custody and presence at the proceedings, and shall arrange for his presence at the trial until its conclusion. Upon conclusion of the trial, the Washington Department of Corrections should arrange for transportation of Mr. Angelone back to the Stafford Creek Correction Center. The Department of Corrections should pay for the costs of transporting him to and from the courtroom and for security during the trial.

1        Plaintiff should have access to necessary medications and legal files. . . .
The United States Marshal should facilitate the execution of this order while
2        Plaintiff is in the United States Courthouse.

3 Dkt. 254. Mr. Angelone made no showing that civilian clothes were warranted, and so his

4 motion to be provided civilian clothes was denied. *Id.*

5     Mr. Angelone now brings a motion for reconsideration of the order issuing the writ of

6 habeas corpus ad testificandum. Dkt. 257. He argues that the Court reconsider its ruling and

7 require that: 1) the Superintendent of Stafford Creek Correction Center or the United States

8 Marshal Service transport him; 2) he should be taken to and from Stafford Creek Correction

9 Center everyday and not housed at the Pierce County Jail; and 3) he be given civilian clothes.

10 Dkt. 257. Mr. Angelone states that if the Court does not grant his motion, he moves to dismiss

11 this case because his "physical and mental health and his life is [sic] more important than the

12 trial." *Id.*

13     After filing his motion for reconsideration, Mr. Angelone filed an "Emergency Motion to

14 Dismiss." Dkt. 258. In it, he states that this case is becoming too stressful for him to prosecute

15 and moves to dismiss this case. *Id.*

16     Dr. Furst does not oppose the motion to dismiss, but moves for such dismissal to be with

17 prejudice. Dkt. 256.

18   Western District of Washington Rule of Civ. P. 7(h)(1), "[m]otions for reconsideration are

19 disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest

20 error in the prior ruling or a showing of new facts or legal authority which could not have been

21 brought to its attention earlier with reasonable diligence."

22     Plaintiff's Motion for Reconsideration (Dkt. 257) should be denied. Plaintiff has failed to

23 show a "manifest error" in the Order granting, in part, and denying, in part, his motion for a writ

24

ORDER ON MOTION FOR RECONSIDERATION
OF ORDER ON WRIT OF HABEAS CORPUS AD
TESTIFICANDUM AND/OR MOTION TO
DISMISS- 3

of habeas corpus ad testificandum (Dkt. 254) "or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiff's motions to dismiss the case (Dkts. 257 and 258) should be granted. Further, Plaintiff's decision to abandon this case due to his dissatisfaction with the travel arrangements should result in a dismissal of the matter with prejudice.

In light of Plaintiff's dismissal of this case, the Order on Motion for Writ of Habeas Corpus Ad Testificandum (Dkt. 254) should be vacated.

## ORDER

- Plaintiff's Motion for Reconsideration of the Order on his Motion for Writ of Habeas Corpus Ad Testificandum (Dkt. 257) **IS DENIED**;

- Plaintiff's Motions to Dismiss (Dkts. 257 and 258) **IS GRANTED**;

- This case **IS DISMISSED WITH PREJUDICE**; and

- The Order on Motion for Writ of Habeas Corpus Ad Testificandum (Dkt. 254) **IS VACATED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, the Washington Attorney General's office, United States Marshal Edward S. Muldowney, Washington Department of Corrections Superintendent Pat Glebe of the Stafford Creek Correction Center, and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of November, 2012.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION
OF ORDER ON WRIT OF HABEAS CORPUS AD
TESTIFICANDUM AND/OR MOTION TO
DISMISS- 4