UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT ANGELONE,<br><br>            Plaintiff,<br><br>   v.<br><br>DR. MICHAEL FURST,<br><br>            Defendant. | CASE NO. 07-5538 RJB/KLS<br><br>ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER |

This matter comes before the Court on the Plaintiff's Motion for Relief from a Judgment or Order–Rule 60(b)(6) Motion. Dkt. 263. The Court has considered the relevant documents and the remainder of the file herein.

The facts are contained in the prior orders of the Court (*See e.g.* Dkts. 248, 253, 254, 259, and 262) and are adopted here by reference. This case was set to go to trial on December 10, 2012. The case was dismissed on November 14, 2012, on Plaintiff's motion. Dkt. 259. Plaintiff's motion for reconsideration that the November 14, 2012 dismissal be without prejudice and that he be appointed counsel was denied on November 27, 2012. Dkt. 262.

On December 6, 2012, Plaintiff filed the instant pleading, again arguing that his motion to dismiss should have been without prejudice and that he should have been appointed counsel, emphasizing that this case is too stressful for him to prosecute. Dkt. 263. Consideration of that motion was set for December 21, 2012. *Id.* Plaintiff then filed a Notice of Appeal on December 18, 2012.

A. **JURISDICTION**

The first question presented is whether the Court has jurisdiction to consider the motion because of the pending appeal. Under Rule 62.1(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion." Accordingly, the Court may consider the motion.

B. **MOTION UNDER FED. R. CIV. P. 60(b)(6)**

Fed. R. Civ. P. 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief**."**

Plaintiff's motion under Rule 60(b)(6) should be denied. Plaintiff has rehashed this issue several times and has failed to make a showing that the relief he seeks is justified. The reasoning from the prior orders (Dkts. 259 and 262) is adopted here.

C. **MOTION FOR RECONSIDERATION**

To the extent that Plaintiff seeks reconsideration of the order denying the motion for reconsideration of the order dismissing this case <u>with</u> prejudice and denying his motion to appoint counsel (Dkt. 262) it should be denied.

Western District of Washington Rule of Civ. P. 7(h)(1), "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest

error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiff's current Motion for Reconsideration (Dkt. 263), to the extent that he makes one, should be denied. Plaintiff has failed to show a "manifest error" in the order dismissing his case with prejudice (Dkt. 254) or the order denying reconsideration of the order dismissing the case (Dkt. 262) "or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence." As was stated in the prior order

> Although Plaintiff expresses concerns about the stressful nature of going to trial, he opted to file this lawsuit. That he would have to go to trial was a risk he took. When he felt like it was too much for him to handle and the travel arrangements were not to his liking, he opted to move to dismiss his case. The Defendant did not oppose the motion to dismiss, but argued the dismissal should be with prejudice because the parties were on the eve of the trial. Plaintiff has not shown that the dismissal should now be without prejudice. This matter was filed in 2007 and should be brought to conclusion.

Dkt. 262. The Court's prior order dismissing the case with prejudice (Dkt. 254) and order denying the motion for reconsideration of the order dismissing the case (Dkt. 262) should be affirmed.

**D. MOTION FOR APPOINTMENT OF COUNSEL**

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's eighth motion for appointment counsel (Dkt. 263) should be denied. Plaintiff has not shown that he is likely to succeed on the merits. Plaintiff further has not shown he is

unable to articulate the instant case's claim pro se. Plaintiff is a seasoned litigator. He is able to articulate his positions adequately and raise issues to the court. His motion should be denied.

### E. FURTHER PLEADINGS

The Court will entertain no further motions from Plaintiff. Any additional motions will be docketed but no action will be taken on them.

### ORDER

- Plaintiff's Motion for Relief from a Judgment or Order (Dkt. 263) **IS DENIED**; and

- The November 14, 2012, order dismissing this case with prejudice (Dkt. 259) and order denying the motion for reconsideration of the order dismissing the case (Dkt. 262) **ARE AFFIRMED**.

The Clerk is directed to docket other motions filed by Plaintiff, but no further action will be taken on them.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of December, 2012.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge